**Harold GREEN, et al. Plaintiffs**

v.

**CLEARY WATER, SEWER & FIRE DISTRICT Defendant**

**No. CIV.A.3:02–CV–1523BN.**

United States District Court, S.D. Mississippi, Jackson Division.

Jan. 13, 2003.

---

R. David Ringer, Ringer & Broome, P.L.L.C., Florence, MS, Paul B. Henderson, Young, Williams, Henderson & Fuselier, Jackson, MS, for Plaintiffs.

James A. Bobo, Pearl, MS, for Defendant.

### OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Plaintiffs to Remand. Having considered the Motion, Response, Rebuttal, attachments to each, and supporting and opposing authority, the Court finds that the Motion is well taken and should be granted. Also pending in this cause is a Motion of Defendants to Dismiss, or for Summary Judgment. Because the Court is granting the Motion of Plaintiffs to Remand, the Motion of Defendants to Dismiss, or for Summary Judgment, is denied as moot.

## I. BACKGROUND AND PROCEDURAL HISTORY

On or about November 5, 1979, the Rankin County Board of Supervisors (the "Board") created the Cleary Water, Sewer & Fire District (the "District"). The District was created pursuant to special legislation. Motion of Defendant to Dismiss, Exhibit B, House Bill No. 880. The District was granted "all powers granted to a water and sewer district under the provisions of Sections 19–5–151 through 19–5–257, Mississippi Code of 1972, as now or hereafter amended." *Id.*

On or about June 21, 2001, the District enacted an ordinance titled "Decentralized Wastewater Use Ordinance" (the "Ordinance"). The stated purpose of the Ordinance is to regulate the use and repair of "Individual On–Site Wastewater Disposal Systems."

This lawsuit arises out of attempts by the District to enforce the Ordinance. The District sent three letters to Plaintiffs in-

forming them of the Ordinance, advising them that they should comply with the Ordinance, and warning that failure to comply would result in the District turning off Plaintiffs' potable water supply.

On August 23, 2002, Plaintiffs filed suit in the Chancery Court of Rankin County, Mississippi, seeking a Declaratory Judgment and Injunctive Relief against the District. Plaintiffs sought to have the Ordinance ruled void, arguing that the District lacked statutory authority to enact an Ordinance to regulate "Individual On–Site Wastewater Disposal Systems." Plaintiffs also sought an injunction preventing the District from turning off Plaintiffs' potable water supply. On September 3, 2002, the Chancery Court entered an Injunction prohibiting the District from enforcing any provision of the Ordinance and prohibiting the District from turning off Plaintiffs' water supply.

On September 20, 2002, Defendants removed the suit to this Court on the basis of federal question jurisdiction. Defendants allege that the Complaint filed by Plaintiffs seeks to have the Ordinance declared unconstitutional, thereby creating a question of federal law.

On October 18, 2002, Plaintiffs filed the present Motion to Remand. Plaintiffs argue that the need for the Court to determine a federal constitutional issue is speculative at best, because it is only an issue of last resort. Instead, Plaintiffs first seek to have the Ordinance declared void as exceeding the statutory authority of the District. In the alternative, Plaintiffs seek to have the Ordinance declared unenforceable, as enforcing the Ordinance would exceed the statutory authority of the District. Only if both of those arguments fail would there be any need for the Court to confront the issue of whether the Ordinance is constitutional. Thus, Plaintiffs argue that the doctrine of Pullman Absten-

tion directs the Court to remand this suit to state court.

## II. ANALYSIS

Defendants oppose the Motion to Remand. Because Defendants have invoked federal jurisdiction in seeking removal to federal court, theirs is the burden of demonstrating subject matter jurisdiction. *Kidd v. Southwest Airlines*, 891 F.2d 540, 543 (5th Cir.1990); *Roberson v. Jim Walter Homes*, No. CIV. A. 100CV108–D–D, 2000 WL 798826, at *1 (N.D.Miss. June 2, 2000) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

## A. FEDERAL QUESTION JURISDICTION

Defendants argue that a substantial question of federal law is raised in this suit because of Plaintiffs' claim that the Ordinance is unconstitutional. Where a district court has original jurisdiction over a civil action brought in state court, the defendant may remove to the appropriate district court. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)(citing 28 U.S.C. § 1441(a)). One source of original jurisdiction is the presentation of a federal question, one "arising under the Constitution, laws, or treaties of the United States." *Metropolitan Life*, 481 U.S. at 63, 107 S.Ct. 1542 (quoting 28 U.S.C. § 1331).

Generally, to determine whether a federal question exists for removal purposes, a court examines the allegations of the plaintiff's well pleaded complaint. *See Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362, 366 (5th Cir. 1995). Under the well pleaded complaint rule, a federal question must appear on the

face of a plaintiff's state court complaint before a federal district court may exercise removal jurisdiction. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). In the case *sub judice,* examination of the subject state court Complaint reveals a federal question regarding whether the Ordinance is constitutional.[1]

Plaintiffs concede that a federal question is implicated on the face of the Complaint. However, Plaintiffs argue that the Court should abstain from hearing this suit, pursuant to the Pullman Doctrine.

## B. PULLMAN ABSTENTION

■ The United States Court of Appeals for the Fifth Circuit has described Pullman Abstention as being appropriate when a case involves "(1) a federal constitutional challenge to state action and (2) an unclear issue of state law that, if resolved, would make it unnecessary for [the court] to rule on the federal constitutional issue." *Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Committee, of State Bar of Texas,* 283 F.3d 650, 653 (5th Cir.2002). "By abstaining in such cases, federal courts will avoid both unnecessary adjudication of federal questions and 'needless friction with state policies.'" *Hawaii Housing Authority v. Midkiff,* 467 U.S. 229, 236, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984) (citations omitted). "However, federal courts need not abstain on *Pullman* grounds when a state statute is not fairly subject to an interpretation which will render unnecessary adjudication of the federal constitutional question.... *Pullman* abstention is limited to uncertain questions of state law because abstention from the ex-

ercise of federal jurisdiction is the exception, not the rule." *Id.* (internal quotation marks and citations omitted).

■ Here, the first prong is satisfied. The District is a creation of the State of Mississippi. The enactment and enforcement of an Ordinance by the District constitutes state action. Plaintiffs argue that such state action would violate their constitutional rights under the Fifth and Fourteenth Amendments by requiring them to purchase special on-site wastewater treatment facilities, to deed the facilities to the District, and to pay the District for the maintenance of the facility.

■ "To satisfy the second prong, there must be an uncertain issue of state law that is 'fairly susceptible' to an interpretation that would render it unnecessary for [the Court] to decide the federal constitutional questions in a case." *Nationwide,* 283 F.3d at 653. Thus, for abstention to be proper here, the Ordinance must be fairly susceptible to an interpretation that would indicate that the District is exceeding its authority in either enacting or enforcing the Ordinance. *See id.*

The parties agree that the authority of the District is governed by statute. However, they disagree as to which statutes are relevant. Plaintiffs argue that various statutes must be read together to determine the authority of the District. *See* Miss.Code Ann. §§ 41–67–3, et. seq., and §§ 19–5–151 through –207. Plaintiffs argue that these statutes grant limited authority to the District that is exceeded by the present Ordinance. Defendants respond that the District clearly has the

---

**1.** The Complaint does not specify whether the Ordinance allegedly violates the Mississippi Constitution or the United States Constitution. However, Plaintiffs do not suggest that they may be referring only to the Mississippi Constitution until the last paragraph of their Rebuttal Brief in Support of the Motion to Remand. Instead, the arguments in the Motion to Remand assume that Plaintiffs are referring to the federal constitution. The Court finds that the United States Constitution is implicated by the Complaint.

authority to enact and enforce the Ordinance, pursuant to the general police powers granted pursuant to Miss.Code Ann. § 19-5-173.

The Court agrees that abstention is appropriate under the circumstances. Whether the District has exceeded its authority is unclear. Although the Court expresses no opinion on an interpretation of the statutes in question, the Court does find the statutes to be fairly susceptible to an interpretation that the District has exceeded its authority. Furthermore, the Court finds that the federal question serving as a basis for jurisdiction, whether the Ordinance is constitutional, is a question that is unlikely to ever be confronted in this litigation. Thus, abstention here avoids unnecessary adjudication of federal issues. Furthermore, state courts are better situated than federal courts to make determinations regarding the extent of the authority of creations of the state. Abstention will therefore avoid needless friction with state policies. Accordingly, the Court will abstain, and grant the Motion of Plaintiff to Remand.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the Motion of Plaintiff to Remand [5-1] is hereby granted in accordance with Title 28 U.S.C. § 1447(c). This case shall be remanded to the Chancery Court of Rankin County, Mississippi with each party bearing its own costs.

IT IS FURTHER ORDERED that the Motion of Defendants to Dismiss [3-1], or for Summary Judgment [3-2], is denied as moot.